FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND JUN -2 PM 1:34

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

June 2, 2017

MEMORANDUM TO TERRY W. ENGLISH AND COUNSEL

Terry W. English
5900 Trumpet Sound Court
Clarksville, MD 21029

> Re:     *SunTrust Bank v. Dowling Enterprises, LLC et al.*
>          Civil Action No. ELH-17-1165

Dear Mr. English and Counsel:

As you know, on April 27, 2017, plaintiff SunTrust Bank filed suit against defendants, Dowling Enterprises, LLC ("Dowling"); Noel Trace Properties, Inc. ("Noel Trace"); Gas Dreams, P.A. ("Gas Dreams"); Terry W. English; and Aleta B. English. ECF 1.[1] Plaintiff alleges breach of a promissory note and three counts of breach of a guaranty. *Id.* And, on May 4, 2017, plaintiff filed for summary judgment. ECF 8, "Motion for Summary Judgment."[2]

The docket reflects that Mr. English was served on May 4, 2017 (ECF12); that Ms. English was served on May 4, 2017 (ECF 13); that Noel Trace was served on May 9, 2017 (ECF 14); that Dowling was served on May 9, 2017 (ECF 15); and that Gas Dreams was served on May 9, 2017 (ECF 16).

On May 24, 2017 Mr. English, who is self-represented, submitted an Answer to the Complaint. ECF 17. He also filed an opposition to the Motion for Summary Judgment. ECF 18.

Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), a defendant must respond to a complaint within 21 days of service of the suit. As of this date, only Mr. English has responded to the Complaint. *See* Docket. It is unclear whether Mr. English believes he answered the complaint on behalf of Dowling, Noel Trace, and Gas Dreams. In his Answer (ECF 17), Mr. English states, *id.* at 2 (emphasis added):

> Defendant/Cross-Plaintiff Terry English appearing pro se in his individual capacity, *as a managing member of co-defendant Dowling Enterprises, LLC*

---

[1] According to Mr. English, he and Ms. English are divorced. ECF 17 at 2.

[2] It may well be that the Motion for Summary Judgment, submitted one week after the suit was filed and before any discovery has taken place, is premature.

("Dowling Enterprises") and Noel Trace Properties, Inc. ("NTP"), and as the sole owner of co-defendant Gas Dreams, P.A. ("Gas Dreams"), herein submits an answer to the complaint filed in this Court by SunTrust Bank ("STB"), with counterclaims against STB ("Cross-Defendant"), and crossclaims against Third-Party Defendants Sun Trust Banks, Inc. ("STI"), Sun Trust Bank Holding Company ("STBHC"), David B. Lackey, Jr. ("Lackey"), and Gebhardt & Smith LLP ("G&S").

If Mr. English holds such a belief, it is ill founded. It "has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201 (1993). This principle applies to a limited liability company and to a professional association. *See* Local Rule 101.1(a) ("All parties other than individuals must be represented by counsel"). Accordingly, Mr. English may represent himself in this matter, but he is not allowed to speak for the business entity defendants.

A district court has discretion to grant a reasonable continuance to enable an unrepresented corporate party to secure a replacement attorney. *See RZS Holdings AVV v. PDVSA Petroleo S.A.,* 506 F.3d 350, 356 (4th Cir. 2007) (reversing, for abuse of discretion, a district court's denial of such a continuance). Accordingly, I shall extend through July 7, 2017, the deadline for Dowling, Noel Trace, and Gas Dreams to respond to the Complaint and the Motion for Summary Judgment, in order to provide these entities with counsel.

In addition, Ms. English has failed to respond to the suit. But, in view of the extension provided to the business entity defendants, I shall also grant Ms. English an extension, through July 7, 2017, to respond to the Complaint and the Motion for Summary Judgment.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge